## WILLIAM RULE v. ELIZABETH J. BROACH ET AL.

1. PROBATE COURT. *Decree for sale of land. Petition of guardian. Wards not cited.*

Sect. 13 of "An act to amend the probate laws of the State, and for other purposes," approved March 1, 1854, required "all persons interested, residing in this State," to be cited upon an application to the Probate Court by any heir, executor, administrator, or guardian for the sale of the land of a decedent. A decree rendered while this act was in force, for the sale for division of the land of a decedent, upon the petition of a guardian of some of the heirs, without his wards being cited or a guardian *ad litem* appointed for them, is void.

2. SAME. *Decree void as to some of the parties. Effect as to others.*

The decree in the case above stated being void as to some of the parties, is void as to all, according to the decision in *Hamilton* v. *Lockhart*, 41 Miss. 460, which is adhered to so far as it applies to probate proceedings.

3. SAME. *Application of Burrus v. Burrus, 56 Miss. 92.*

The decision in the case of *Burrus* v. *Burrus*, 56 Miss. 92, refers solely to the provisions of the Code of 1857.

4. EJECTMENT. *Defence of outstanding tax-title. Case in judgment.*

The lands of a decedent were sold under a decree of the Probate Court, and by successive conveyances were conveyed to R., who received possession of the same. While in his possession the lands were sold to the State for taxes. After the period for redemption had expired, they were purchased from the State by A. Afterwards the heirs of the decedent brought an action of ejectment to recover the lands from R. The probate decree of sale was void, and R. set up in defence the tax-title held by A. *Held*, that R. is not permitted to make such defence.

5. DOWER. *Unallotted. Purchaser thereof. Contest with heir.*

The purchaser of the lands of a decedent from the widow, whose dower has not been allotted, acquires no title as against the heirs, because of the rule in this State that a right of dower is not assignable.

ERROR to the Circuit Court of Wilkinson County.
Hon. J. B. CHRISMAN, Judge.

.In 1855, Lewis H. Bryant, being seized and possessed of certain lands, died, leaving a widow and several minor children. In February, 1857, David F. Dickson, as guardian of two of the minor heirs, Elizabeth J. and Emily J. Bryant, filed in the Probate Court a petition for the sale of the lands belonging to the estate of the decedent, for the purpose of having a distribution of the proceeds of sale, on the ground that the lands could not be divided in kind without a serious loss to the heirs. The administrator, widow, and all of the heirs, except Elizabeth and Emily Bryant, were cited to appear and answer the petition. At the May term, 1857, of the court, a decree was rendered providing for the sale of the lands, as prayed for in the petition. No guardian *ad litem* was appointed to answer for Elizabeth and Emily Bryant. On the 23d of June, 1858, the sale was made, and was confirmed in July, 1858. W. N. Tigner was the purchaser, but he conveyed his title to Bryant's widow, who had remained in possession of the land. In 1860 she sold and conveyed the land and delivered possession thereof to William Rule. The widow's dower in these lands was never assigned and set apart to her, and she is still living.

In 1877 the lands were sold to the State for taxes, and in 1879 were bought from the State by F. J. Arrighi.

In 1875, Elizabeth J. Broach, formerly Bryant, and the other children of Lewis H. Bryant, deceased, brought an action of ejectment to recover the land from Rule. One of the plaintiffs in this action was cited to answer the petition upon which the decree for the sale of the land was rendered, and was represented in the court by a guardian *ad litem*. In 1880 the plaintiffs obtained a judgment, and the defendant sued out a writ of error.

*H. S. Van Eaton* and *D. C. Bramlett*, for the plaintiff in error.

1. Was the probate decree of sale void because the wards of the petitioning guardian were not summoned? The act of 1854 does not in terms require that the wards of the petition-

ing guardian should be cited. They are represented by their guardian. *Hanks* v. *Neal*, 44 Miss. 212.

2. This tax-deed was introduced in evidence, to show title out of the plaintiffs at the time of the trial. *Betsy* v. *Torrance*, 1 Geo. 129. The exception to the rule does not apply in this case, as laid down, for example, in *Griffin* v. *Sheffield*, 9 Geo. 390, 391. Both parties deraign title from a common source, it is true, but the defendant does not seek to set up an outstanding title as against Bryant, the common source. If, therefore, plaintiffs, or any of them, had title at the commencement of the suit, and it has been divested since, and pending the suit, the defendant can show that fact and the plaintiffs cannot recover. See Code 1871, p. 316, sect. 1553.

3. The defendant is in possession, and is the owner of the widow's dower-interest in the lands. I submit, moreover, that under the Code of 1857, p. 470, sect. 1721, and as carried into the Code of 1871, sect. 1292, the right to the possession of the whole plantation passed to the defendant, under the widow's deed, until dower has been assigned to her.

*T. V. Noland*, for the defendants in error.

1. It is conceded that two of the heirs, the wards of Dickson, were not summoned, and that no guardian *ad litem* was appointed in the proceedings of the Probate Court ordering a sale of the lands. This being so, we hold that the said proceedings are void as to the said wards. Laws 1854, p. 65. The Code of 1857 has no bearing upon this case.

2. Now, the decree of the Probate Court being void as to the wards of Dickson, it is void as to Adele Bryant, a minor, who was served with notice. See *Lockhart* v. *Hamilton*, 41 Miss. 460; *Mundy* v. *Calvert*, 40 Miss. 181; *Martin* v. *Williams*, 42 Miss. 210; *Kennedy* v. *Gaines*, 51 Miss. 625.

3. The right of the widow is a personal right, and is not assignable. 2 Smed. & M. 220; 7 Smed. & M. 319.

*Frank Johnston*, on the same side.

1. It is clear that the case of *Burrus* v. *Burrus*, 56 Miss. 92,

has no application to this case, or bearing on the statutes in force when this decree was rendered.

*Kennedy* v. *Gaines*, 51 Miss. 629, holds that the fact that a guardian is a petitioner does not bring his ward into court, and does not dispense with notice by citation, required by the statute. See also *McAllister* v. *Moye*, 30 Miss. 258. The decree is void as to the two minors not served with notice, and is void as to all the parties defendant.

2. The defendant, being in possession of the land and suffering it to be sold for taxes, would have been estopped from setting up a title through such sale, even if he had acquired it. On the same principle, he could not set up such title in another person.

CAMPBELL, J., delivered the opinion of the court.

The decree of the Probate Court, made in May, 1857, for the sale of the land, was void as to Elizabeth and Emily Bryant, the wards of Dickson, on whose application the sale was ordered without citing them to appear. The thirteenth section of " An act to amend the probate laws of the State, and for other purposes," approved March 1, 1854 (Sess. Acts, p. 65), required " all persons interested, residing in the State, *   *   * to be cited," etc., when such an application was made.

The learned judge below rightly concluded that *Burrus* v. *Burrus*, 56 Miss. 92, had reference solely to the provisions of the Code of 1857. In *Johnson* v. *Cooper*, 56 Miss. 608, the minors were duly cited. In this case they were not cited, as the law required, nor was a guardian *ad litem* appointed for them. The decree for sale being void as to some of the parties, was void as to all, according to *Hamilton* v. *Lockhart*, 41 Miss. 460, the only case in which such a decree has been held void when attacked collaterally, and which ignored the manifest distinction between judgments at law which are *entire* and decrees which are not, but which we are not disposed now to disturb. It is not to be inferred from our unwillingness to

overrule the case cited that we will follow it in any other cases besides decrees for sales in probate proceedings.

The defendant below, being in possession of the land, should not have permitted it to be sold for taxes, and was rightfully denied the benefit of the outstanding tax-title in another as a shield to his possession. He could not have purchased at the sale for taxes so as to hold the land against the plaintiffs, and, being precluded from purchasing himself, he could not claim any advantage from the purchase by another.

The defendant could not defend the action under the right of the widow of Bryant as dowress, in view of the doctrine, settled in this State, that her right is personal to her and not assignable.

Judgment affirmed.